108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert D. PHILLIPS, Plaintiff-Appellant,
v.
KIDDER PEABODY & CO., INC., Defendant-Appellee.
 No. 96-7959.
 United States Court of Appeals, Second Circuit.
 March 17, 1997.
 
 1
 APPEARING FOR APPELLANT: Joel P. Laitman Schoengold & Sporn, P.C. New York, New York
 
 
 2
 APPEARING FOR APPELLEE: J. Jay Lobell Howard, Darby & Levin New York, New York
 
 
 3
 PRESENT: JOHN M. WALKER, Jr., JOSEPH M. McLAUGHLIN, Circuit Judges, and DENNY CHIN,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Francis, M.J.) and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 6
 Plaintiff-appellant Robert D. Phillips appeals from a judgment granting the summary judgment motion of defendant-appellee Kidder, Peabody & Co., Inc. ("Kidder"). See Phillips v. Kidder, Peabody & Co., 933 F.Supp. 303 (S.D.N.Y.1996). The lower court also held that the plaintiff's class claims were barred by the statute of limitations and dismissed the complaint.
 
 
 7
 This action arose from a public offering of stock in Computer Depot, Inc. ("CDI") in 1984. Kidder was the lead underwriter for the public offering and issued a Prospectus in connection with the offering. After the offering, the stock price fell substantially and CDI experienced various business problems, resulting in a bankruptcy filing in 1985.
 
 
 8
 The drop in the stock price gave rise to litigation. In 1986, another CDI shareholder filed an action in the federal district court for the District of Minnesota. See Kassover v. Computer Depot, Inc., 691 F.Supp. 1205 (D.Minn.1987). In Kassover, the district court denied certification of a plaintiff class, denied a motion by the plaintiff in this case, Phillips, to intervene in a "crumbling lawsuit," and granted partial summary judgment to the defendants. Id. at 1210, 1215.
 
 
 9
 Phillips then initiated this action against Kidder in the Southern District of New York. His complaint alleged that he purchased CDI stock in reliance on the information contained in the Prospectus. It also alleged that the Prospectus issued by Kidder contains numerous omissions and misleading representations. He alleged on his behalf, and on behalf of a class of CDI shareholders, violations of Sections 11 and 12(a)(2) of the 1933 Securities Act, 15 U.S.C. §§ 77k and 77l(a)(2), Section 10(b) of the 1934 Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder. The magistrate judge analyzed Phillips's various theories of liability and issued a thorough, well-reasoned opinion granting summary judgment to Kidder on Phillips's individual securities claims. The magistrate judge also held that Phillips's class claims were barred by the statute of limitations.
 
 
 10
 Phillips argues on appeal that the magistrate judge erred in finding that the class claims were barred by the statute of limitations. Phillips also challenges the magistrate judge's finding that there were no material issues of fact warranting a trial.
 
 
 11
 We review the lower court's grant of summary judgment de novo. Sutera v. Schering Corp., 73 F.3d 13, 15 (2d Cir.1995). We find no error in the magistrate judge's comprehensive discussion of the numerous fatal defects in Phillips's individual claims. Phillips asserted identical claims on behalf of the shareholder class and those claims suffer from the same defects as the individual claims. Thus, there is no need for this court to resolve the dispute over the proper application of the statute of limitations and we express no opinion on the issue. We affirm the grant of summary judgment and dismissal of the complaint for substantially the reasons stated below in the Discussion Section, Parts A, C, and D, of the magistrate judge's opinion. See Phillips, 933 F.Supp. at 308-09, 314-25.
 
 
 12
 We have considered all of appellant's contentions on this appeal and have found them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation